IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TRAMAINE EDWARD MARTIN,** | ) | **CASE NO. 1:07CV1689** |
| | ) | |
| Petitioner, | ) | **JUDGE KATHLEEN M.** |
| | ) | **O'MALLEY** |
| | ) | |
| v. | ) | **MAGISTRATE JUDGE GREG** |
| | ) | **WHITE** |
| | ) | |
| **MICHELE EBERLIN, WARDEN,** | ) | |
| | ) | |
| Respondent. | ) | **REPORT &** |
| | | **RECOMMENDATION** |

On June 7, 2007, Tramaine Edward Martin, Petitioner, *pro se*, filed in this Court a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) He challenges the constitutionality of his conviction in the case of *State v. Martin*, Cuyahoga County Common Pleas Case No. 05CR468883-A. This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.2. On December 3, 2007, Respondent filed her Answer/Return of Writ. (Doc. No. 14.) On December 11, 2007, Martin filed his Traverse. (Doc. No. 16.) For the reasons set forth in detail below, the Magistrate Judge respectfully recommends Martin's petition be denied.

**I. Procedural History**

**A. Underlying Case**

On July 22, 2005, Petitioner was arrested in connection with a felony stop of a motor vehicle. On August 3, 2005, he was indicted by the Cuyahoga County Grand Jury on three counts: Count One: Theft, in violation of *Ohio Rev. Code* § 2913.02; Counts Two and Three: Felonious Assault (of a police officer), in violation of *Ohio Rev. Code* §

2903.11.  (Respondent's Ex. 1-2.)

On August 26, 2005, Petitioner filed a *pro se* motion to dismiss the indictment claiming that the state court failed to conduct a timely preliminary hearing prior to his indictment. (Respondent's Ex. 3.)

Subsequent to a bench trial, at which he represented himself *pro se* with stand-by counsel in attendance, Petitioner was convicted of the offenses as charged in the indictment.  On October 21, 2005[1], he was sentenced to a 1-year term on the Theft count and a 4-year term on both Felonious Assault counts, concurrent with each other, and concurrent to an unrelated previously imposed sentence.[2]  He was also given 5-years of post release control and awarded jail time credit of 122-days.  (Exh. 4.)  Subsequently, a rather convoluted state procedural history evolved.

**B.  Direct Appeal**

On November 21, 2005, Petitioner filed a timely *pro se* notice of appeal in the Cuyahoga County Court of Appeals.  He alleged one assignment of error challenging the trial court's failure to grant his pretrial motion to dismiss the indictment based on the fact that he was denied a preliminary hearing:

> 1.  The trial court committed plain eror (sic.), which offended the Fifth Amendment, when it summarily denied Appellant's pro se motion to dismiss.

(Respondent's Ex. 7.)

On September 28, 2006, the state appeals court affirmed the judgment of the trial court finding that the subsequent indictment "extinguished" the right to a preliminary hearing.   (Respondent's Ex. 9.)  Petitioner then filed a Motion for Reconsideration which

---

[1] The journalized date was October 26, 2005.  (Respondent's Ex. 4.)

[2] Petitioner was previously sentenced to one year terms in both CR-465513 and CR-465644 in Cuyahoga County.

2

was denied. The appeals court journalized the direct appeal decision on October 17, 2006. (Ex. 9 and 11).

On October 27, 2006, Petitioner filed a timely *pro se* notice of appeal and jurisdiction memorandum in the Ohio Supreme Court presenting one proposition of law:

> Proposition of Law No. 1: It is plain error, to the offense of United States Constitution, to deny dismissal of an invalid indictment prior to commencement of trial.

(Ex. 14)

On January 24, 2007, the Ohio Supreme Court denied leave and dismissed the appeal as not involving any substantial constitutional question. (Ex. 15.) There was no further appeal from that decision.

### C. Postconviction Relief

On December 27, 2005, while Petitioner's direct appeal was pending, he filed a *pro se* petition for postconviction relief in the trial court. (Ex. 16.) He claimed that: 1) his right to due process was violated when the trial court, pursuant to *Ohio Rev. Code* § 2938.11(F),[3] did not announce its verdict in open court within 48-hours after submission of the case; and, 2) trial counsel was ineffective in not advising Petitioner of any rights Petitioner may have waived in affirmatively consenting to the trial court's holding the verdict in abeyance. *Id*. The record shows that Petitioner consented, in open court, to the Judge holding her verdict in abeyance pending possible plea negotiations. (See Tr. at 76.)

---

[3]*Ohio Rev. Code* § 2938.11(F), Order of proceedings of trial, provides:

> The trial of an issue shall proceed before the trial court or jury as follows:
> \*\*\*\*\*
> (F) Any verdict arrived at by the jury, or finding determined by the judge or magistrate in trial to the court, shall be announced and received only in open court as soon as it is determined. Any finding by the judge or magistrate shall be announced in open court not more than forty-eight hours after submission of the case to him.

3

On December 6, 2006, the state trial court issued its findings of fact and conclusions of law denying postconviction relief on the basis that Petitioner did not provide evidentiary support for his claim of ineffective assistance of counsel. (Ex. 20.)

On December 20, 2006, Petitioner filed a timely *pro se* notice of appeal in the Cuyahoga County Court of Appeals from the denial of postconviction relief. (Ex. 21.) On January 9, 2007, Petitioner filed a motion to voluntarily dismiss the appeal; the court, *sua sponte*, did so the same day. (Ex. 22.) There was no further appeal regarding the postconviction process.

### D. Writ of Mandamus

On November 14, 2006, Petitioner filed a petition for writ of mandamus in the Cuyahoga County Court of Appeals seeking to force the state trial court to vacate his conviction and sentence because the court had not announced its verdict within the 48-hour period as required by Ohio Rev. Code 2938.11(F). (Ex. 26.) On December 20, 2006, the appellate court denied the petition finding that the statutory provision was directory, not mandatory; and, that Martin failed to demonstrate a clear right to relief in mandamus. (*Id.*)

On January 8, 2007, Petitioner filed a timely *pro se* notice of appeal in the Ohio Supreme Court from the mandamus action. He presented three Propositions of Law:

> Proposition of Law No. 1: When properly interpreted, 48-hour period strictured in R.C. § 2938.11(F) is mandatory and must be enforced as written.
>
> Proposition of Law No. 2: When 48-hour period of R.C. § 2938.11(F) is held to be a directory analysis, an aggrieved survives constitutional crucible of prejudice where he unequivocally establishes such.
>
> Proposition of Law No. 3: Mandamus is a properly equipped vehicle to serve as a functional qui improvide for sanctioning contempt or failure to comply with order, and fraud upon court does not emasculate this effect.

(Ex. 29.)

On May 16, 2007, the Ohio Supreme Court affirmed the judgment of the appellate

4

court denying mandamus relief on two rationales: a) the time requirement under R.C. 2938.11(F) is directory, not mandatory; and b) that Petitioner had an adequate remedy at law to present the claim either by direct appeal from the sentence or from an appeal of the dismissal of the petition for postconviction relief. *State Ex. Rel. Martin v. Mannen, Judge*, 113 Ohio St.3d 373 (2007); (Exh. 32.) There was no further appeal from this decision.

### E. State Habeas Petition

On May 31, 2006, while Petitioner's postconviction petition was pending in the trial court, he filed a *pro se* state habeas action in the Ohio Supreme Court challenging the conviction and his confinement due to the failure of the state court to provide a preliminary hearing. (Ex. 37, 38.) On July 7, 2006, he filed a *pro se* motion for judgment on the pleadings. (Ex. 39.)

On August 2, 2006, the Ohio Supreme Court, without opinion, dismissed the habeas action. (Ex. 40.) Petitioner filed a *pro se* motion for reconsideration, which the Ohio Supreme Court, without opinion, denied. (Exh. 41 and 42).

### F. Federal Writ of Habeas Corpus

On May 28, 2007, Petitioner timely filed, *pro se*, a federal habeas petition presenting two grounds for relief:

> Ground for Relief No. 1: Where Ohio legislature has granted liberty interest of dismissal of charges, when a preliminary hearing is not accorded in specified time period, due process requires that state courts enforce and effectuate this mandate.
>
> Ground for Relief No. 2: Where a proper interpretation of legislature intent concludes that statutory provision is mandatory, and aggrieved survives a constitutional crucible in the succedaneum, fraud upon the court cannot defeat warranted redress afforded by liberty interest created.

(Doc. 1, Petition.)

Respondent acknowledges that Petitioner exhausted these claims for habeas purposes.

## II. Standard of Review

On April 26, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the "Act" or the "AEDPA"), Pub. L. 104-132, 110 Stat. 1214 (1996). The legislation was aimed, *inter alia*, at "curb[ing] the abuse of the statutory writ of habeas corpus, and [was designed] to address the acute problems of unnecessary delay and abuse in capital cases." H.R. Conf. Rep. No. 518, 104th Cong., 2d Sess. (1995), reprinted in 1996 U.S.C.C.A.N. at 944 *et seq*.

Title 28 U.S.C. § 2254, as amended by the AEDPA, provides in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based upon an unreasonable determination of facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (as amended).

With respect to paragraph (d)(1), the phrase "clearly established Federal law, as determined by the Supreme Court of the United States" refers to Supreme Court holdings, not dicta. In addition: Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000); see also *Miller v. Francis*, 269 F.3d 609, 613-14 (6th Cir. 2001); *Brumley v. Wingard*, 269 F.3d 629, 637-38 (6th Cir. 2001); *Magana v. Hofauer*, 263 F.3d 542, 546 (6th Cir. 2001); *Smith v. State of Ohio Dept. Of Rehab. & Corrections,* 463 F.3d

426, 431 (6th Cir. 2006), *reh'g and reh'g. en banc denied*; *Bird v. Hurst*, 110 Fed. Appx 474, 478 (6th Cir. 2004)(unpublished); *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995).

State court factual determinations are "presumed to be correct," and the party seeking habeas relief has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001); *Brumley*, 269 F.3d at 637. This presumption applies to factual findings of a state appellate court made from the trial court record. *Brumley*, 269 F.3d at 637.

Federal courts will not consider the merits of procedurally defaulted claims, unless a petitioner demonstrates cause for the default and prejudice resulting therefrom, or that failing to review the claim would result in a fundamental miscarriage of justice. *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir.2006) (*citing Wainwright v. Sykes*, 433 U.S. 72, 87, (1977)). Further, the Supreme Court has held that federal courts are not required to address a procedural default issue before deciding against the petitioner on the merits. *Lambris v. Singletary*, 520 U.S. 518, 525 (1997). The Sixth Circuit has followed this rule in a case where the procedural default question was complicated and unnecessary to the court's determination of the case. *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003); *Jackson v. Anderson*, 141 F.Supp.2d 811, 826-27 (N.D. Ohio 2001).

### III.  Analysis

In Petitioner's first claim for relief, he challenges as unconstitutional the state court's failure to provide him with a timely preliminary hearing prior to his indictment.

To be entitled to relief in federal habeas corpus, a petitioner must establish that there has been infringement of a right guaranteed under the United States Constitution. *Clemmons v. Sowders*, 34 F.3d 352, 357 (6th Cir. 1994). A violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental

miscarriage of justice or a violation of the right to due process guaranteed under the United States Constitution. See *Floyd v. Alexander*, 148 F.3d 615, 619 (6th Cir., *cert. denied*, 525 U.S. 1025 (1998); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993), *cert. denied*, 510 U.S. 1201 (1994). It is the obligation of this Court to accept as valid a state court's interpretation of the statutes and rules of practice of that state. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

On direct appeal, the state appellate court addressed Petitioner's first ground for relief purely as a matter of law, as follows:

> The sole claim of error in this pro se appeal is that the court erroneously denied defendant Tramaine Martin's motion to dismiss on grounds that he had not been afforded a preliminary hearing within the statutorily-allotted time period.
>
> Although the failure to hold a preliminary hearing within the statutorily-allotted time period can be a cause for dismissal, see R.C. 2945.73(A), we have held that any dismissal for violation of the time period is not self-executing and is dependent upon "some timely and proper action." See *State v. Wood* (1976), 48 Ohio App.2d 339, 342. "If an indictment is handed down before a timely and proper action is taken to secure a dismissal, the right to a preliminary hearing is extinguished." *State v. Zaffino*, Summit App. No. 21514, 2003-Ohio-7202, at ¶ 12, citing to *State v. Wood*, 48 Ohio App.2d at 342.
>
> The police arrested Martin on July 22, 2005 and held him without bail. Pursuant to R.C. 2945.71(C)(1), the state was required to hold a preliminary hearing within 10 days of the arrest. That hearing did not take place. Instead, the grand jury returned an indictment on August 3, 2005. Martin filed his *pro se* motion to dismiss the indictment on August 26, 2005. Since the indictment issued before Martin sought a dismissal of charges for failure to hold a preliminary hearing, the right to a preliminary hearing "extinguished" and the court did not err by denying the motion to dismiss.

(Petitioner's Ex. 2.)

The purpose of a preliminary hearing is to ensure that a person is not held for an unreasonable period of time without a probable cause determination being made by a judge or magistrate. See *Ohio Rev. Code* § 2937.10 *et seq.* However, a petitioner does not have a constitutional right to a preliminary hearing in either Ohio or Federal courts. *State v. Morris*, 42 Ohio St.2d 307 (1975); *State v. Wigglesworth*, 18 Ohio St.2d 171 (1969);

8

*Maglaya v. Buckhoe*, 515 F.2d 265, 268 (6th Cir. 1975); *Dillard v. Bomar*, 342 F.2d 789 (6th Cir. 1965). Furthermore, it is well-settled in the State of Ohio, as set out above, and in the Federal courts, that a grand jury indictment extinguishes the necessity of a preliminary hearing. *Wigglesworth* at 171; *Fed.R.Cr.P.* 5.1(a)(2).

As Petitioner's allegation is a violation of state law, it does not rise to the level of a fundamental miscarriage of justice or a violation of the right to due process guaranteed under the U.S. Constitution, and, therefore, is not cognizable in federal habeas corpus. *Zaffino v. Konteh*, 2006 U.S. Dist. LEXIS 60098, Case No. 5:05CV1485, at *10-11 (N.D. Ohio July 27, 2006). Furthermore, this Court would not find that the decision of the state appellate court was either objectively unreasonable or that it involved an unreasonable application of federal law. Consequently, Petitioner's first claim for relief is without merit.

It is difficult to decipher Petitioner's second ground for relief. The Respondent addresses the issue as the failure of the trial court to announce the verdict in open court within the statutory time-frame of *Ohio Rev. Code* § 2938.11(F). Petitioner responds to this argument in his Traverse.

The Respondent contends that Petitioner's claim is defaulted and waived in habeas; or, alternatively, the claim is noncognizable in habeas as a state law issue. In order to avoid a procedural default, Petitioner is required to fairly present his claim on direct appeal so that the highest state court has an opportunity to rule on the claim. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Furthermore, the claim must have been presented to the state court as a federal constitutional issue – not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).

In the instant case, Petitioner did not present his second ground for relief on direct

appeal to the Ohio Supreme Court, but through a Writ of Mandamus.[4] While the Ohio Supreme Court denied mandamus relief on the basis that Petitioner had an adequate remedy at law to present his claim either on direct appeal or by appeal of the dismissal of his petition for postconviction relief, the Court also appeared to reach the merits of Petitioner's claim when it held that the time requirement under *Ohio Rev. Code* § 2938.11(F) is directory, not mandatory. In light of the entire procedural history of the case at bar, this Court elects not to address the procedural default issue before determining the merits of Petitioner's second ground for relief. *See Lambris v. Singletary*, 520 U.S. 518, 525 (1997); *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003); *Jackson v. Anderson*, 141 F.Supp.2d 811, 826-27 (N.D. Ohio 2001).

Respondent argues that Petitioner's second ground for relief is noncognizable in habeas as a state law issue because both the appellate court and Ohio Supreme Court held that the 48-hour announcement provision in Ohio Rev. Code § 2938.11(F) is directory, not mandatory. The federal habeas court is to respect this interpretation and application of Ohio procedural law, absent the showing of a due process violation. *Allen v. Morris*, 845 F.2d 610 (6th Cir. 1988); *Cooper v. Sowders*, 837 F.2d 284 (6th Cir. 1988).

In Petitioner's Traverse, he cites to *Village of Sheffield v. Nieves*, 52 Ohio App.2d 187 (1976) which held that a "trial court's failure to announce the guilty verdict until seven months after the defense rested violated defendant's right to due process of law and to a speedy disposition of his case and entitled defendant to discharge." The *Nieves* Court while acknowledging that Ohio Rev. Code § 2938.11(F) has been held to be directory, further stated:

> Nevertheless, the purpose of the statute is to provide for the prompt disposition of criminal cases where there is a bench trial. The concept of a speedy trial encompasses within its ambit not only the prompt

---

[4]The three Propositions of Law presented to the Ohio Supreme Court were based on state law, not as federal constitutional issues.

> commencement of the trial, but likewise its prompt disposition once commenced. We hold that a defendant who has rested his case and placed his fate in the hands of the trial judge is entitled to a judgment within a reasonable time thereafter and where that judgment, when it is one of guilt, is not forthcoming until approximately seven months thereafter, he (defendant) has been denied the due process of the law.

*Id*.

Several other Ohio decisions addressed the issue of the lower court's delay in reaching a verdict. In *State ex rel Turrin v. County Court*, 5 Ohio St.2d 194 (1966), the Supreme Court held that *Ohio Rev. Code* §2938.11(F) was directory only, and that a delay of several hours in the announcing of a decision represented sufficient statutory compliance. In *State of Ohio v. Camp*, 1978 WL 214724, Case No. C.A. No. WD-78-3, *2 (6th Dist. Ohio May 5, 1978), there was a two-month delay prior to the court announcing the verdict and the record was silent as to the reason for the delay. The *Camp* Court stated that "in the absence of evidence indicating that the delay . . . was unreasonable or prejudicial, we cannot say that defendant was denied her due process rights." *Id*. at 2. It concluded that the defendant was neither prejudiced nor prevented from having a fair trial. *Id*. See also *State of Ohio v. J. Lamar Ayres*, 1978 WL 215748, Case No. 12-77-39 (3rd Dist. Ohio, July 28, 1978) (six month and two week delay did not prejudice defendant.)

In the instant case, according to the docket of the trial court, Petitioner's trial was held on October 14, 2005. The Court deliberated for three days, and on October 21, 2005, the verdict was returned in open court. (Respondent's Ex. 2; Common Pleas Docket Sheet.) This delay does not amount to a violation of Petitioner's due process rights. More importantly, the Petitioner affirmatively consented to the Court holding its verdict in abeyance pending plea negotiations. (*See* Tr. at 76.)

As Petitioner's second allegation involves, at best, a violation of state law, it does not rise to the level of a fundamental miscarriage of justice or a violation of his right to due process guaranteed under the U.S. Constitution. Therefore, Petitioner's second claim is not cognizable in federal habeas corpus and is without merit.

11

### IV. Evidentiary Hearing

Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Stanford v. Parker*, 266 F.3d 442, 459-460 (6th Cir.2001) (*citing Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir.1994) (citation and internal quotation omitted)). However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit. *Id.*

In this case, upon review of the pleadings and transcripts, the procedural issues presented can be resolved from the record. An evidentiary hearing is, therefore, not required.

### V. Conclusion

For the foregoing reasons, the Magistrate Judge recommends Petitioner's petition be DENIED.

/s/ Greg White

Date: May 2, 2008

**OBJECTIONS**
**Any objection to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**